IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CYNTHIA SCHAAF and DOROTHY SMITH | ) | |
| | ) | Civil Action No. |
| Plaintiffs, | ) | |
| | ) | COMPLAINT |
| v. | ) | |
| | ) | Electronically Filed |
| TRI-RIVER DESIGN & CONSTRUCTION, INC. | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |

## COMPLAINT

### NATURE OF THE ACTION, JURISDICTION AND VENUE

1. This is an individual action under the Fair Labor Standards Act of 1938, as amended (FLSA)(29 U.S.C. §201 et seq.), to recover overtime wages.

2. Jurisdiction of this court is invoked pursuant to 28 U.S.C. §1331.

3. The actions and policies alleged to be unlawful were committed in and around Pittsburgh, PA, where Plaintiffs live and work and where Defendant is located and, therefore, this action is within the jurisdiction of the United States District Court for the Western District of Pennsylvania, and the venue is proper.

### PARTIES

4. Plaintiff Cynthia Schaaf (hereinafter "Plaintiff Schaaf" or "Schaaf") has resided at all

Page 1 of 5

relevant times at 3021 Pyramid Avenue, Pittsburgh, PA 15227, is a citizen of Pennsylvania and was employed by Defendant Tri-River Design & Construction, Inc. from in or about March 2003 until on or about May 18, 2005.

5. Plaintiff Dorothy Smith (hereinafter "Plaintiff Smith" or "Smith") has resided at all relevant times at 417 Canfield Street, Pittsburgh, PA 15210, is a citizen of Pennsylvania and was employed by Defendant Tri-River Design & Construction, Inc. from in or about June 1997 until on or about November 1, 2004.

6. Defendant Tri-River Design & Construction, Inc. (hereinafter "Defendant," or "Tri-River "), maintains its headquarters and principal place of business at 2840 Library Road, Suite 300, Pittsburgh, PA 15234.

7. Tri-River engages in interstate commerce.

8. Tri-River is an employer within the meaning of the FLSA.

## BACKGROUND AND STATEMENT OF CLAIMS

9. Plaintiffs began working for Defendant as accounting clerks in March 2003 (Schaaf) and June 1997 (Smith).

10. They worked until on or about May 18, 2005 (Schaaf) and on or about November 1, 2004 (Smith).

11. Tri-River's primary business is general contracting.

12. Plaintiffs' primary duties were maintaining accounts payable and accounts receivable; performing miscellaneous clerical duties including answering telephone calls; and, obtaining insurance certificates and bank reconciliations.

13. Plaintiffs did not exercise discretion or control regarding their work assignments.

14. Plaintiffs did not manage anyone.

15. Plaintiffs were directly involved in production.

16. Plaintiffs were non-exempt.

17. During their employment, Plaintiffs regularly worked in excess of 40 hours in a workweek.

18. Defendant knew this.

19. Despite this Defendant has failed to pay Plaintiffs overtime.

20. Defendant's failure to pay overtime is knowing and willful.

21. Defendant is required to maintain accurate records of the time worked by Plaintiffs.

22. Defendant has failed to do so.

23. Defendant's failure to maintain accurate time records is knowing and willful.

## COUNT I: FAIR LABOR STANDARDS ACT (FLSA) - OVERTIME

24. Plaintiffs hereby incorporate Paragraphs 1 through 23 of their Complaint as though the same were more fully set forth at length herein.

25. Plaintiffs are non-exempt.

26. Plaintiffs are entitled to overtime at a rate of time-and-one-half their regular rate of pay for hours worked in excess of forty hours per week.

27. Plaintiffs worked in excess of forty hours in many workweeks during their employment.

28. Defendant failed to pay overtime to Plaintiffs for hours worked in excess of forty hours in many workweeks.

29. Defendant's failure to pay overtime is knowing and willful.

30. Defendant has also failed to maintain accurate time records in accordance with the FLSA.

31. Defendant's failure to maintain accurate time records is knowing and willful and in violation of the FLSA.

## PRAYER FOR RELIEF

32. WHEREFORE, Plaintiffs respectfully request that this Court:

A. Order Defendant to make whole Plaintiffs by paying overtime wages.

B. Order Defendant to pay interest, liquidated damages and applicable penalties on wages owed.

C. Order Defendant to pay the costs and reasonable attorney's fees incurred by Plaintiffs.

D. Grant such further relief as the Court deems necessary and proper.

Respectfully submitted,

s/Joseph H. Chivers
Joseph H. Chivers, Esquire
PA ID No. 39184
Suite 600
312 Boulevard of the Allies
Pittsburgh, PA 15222-1923
(412) 281-1110
(412) 281-8481 FAX

Counsel for Plaintiffs

Cynthia Schaaf
Dorothy Smith

Dated: **December 2, 2005**