IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CYNTHIA SCHAAF and DOROTHY SMITH, | ) | |
| | ) | Civil Action No. 05-1669 |
| Plaintiffs, | ) | Judge Thomas M. Hardiman |
| | ) | |
| v. | ) | |
| | ) | |
| TRI-RIVER DESIGN AND CONSTRUCTION, INC. | ) | DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO |
| | ) | PLAINTIFFS' COMPLAINT |
| Defendant. | ) | |
| | ) | |
| | ) | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFFS' COMPLAINT**

AND NOW COMES DEFENDANT Tri-River Design and Construction, Inc. ("Tri-River"), by and through the undersigned counsel, and responds to the averments of Plaintiffs' Complaint ("Complaint") according to the numbered paragraphs thereof as follows:

1.      The averments of Paragraph 1 of the Complaint set forth legal conclusions to which no response is required.  To the extent that a response is required, however, the averments of Paragraph 1 of the Complaint are admitted.  To the extent any wrongdoing is averred as to Tri-River, such averment is denied.

2.      The averments of Paragraph 2 of the Complaint set forth legal conclusions to which no response is required.  To the extent that a response is required, however, the averments of Paragraph 2 of the Complaint are admitted.  To the extent any wrongdoing is averred as to Tri-River, such averment is denied.

3.      The averments of Paragraph 3 of the Complaint set forth legal conclusions to which no response is required.  To the extent that a response is required, however, the averments of Paragraph 3

of the Complaint are admitted.   To the extent any wrongdoing is averred as to Tri-River, such averment is denied.

## PARTIES

4.      It is admitted that Plaintiff Cynthia Schaaf's ("Schaaf") last known address while employed by Tri-River was 3021 Pyramid Avenue, Pittsburgh, Pennsylvania 15227.  The remaining averments of Paragraph 4 of the Complaint are denied as stated.  Schaaf began employment with Tri-River in or about March 2003.  Schaaf resigned from Tri-River on or about May 18, 2005.

5.      It is admitted that Plaintiff Dorothy Smith's ("Smith") last known address while employed by Tri-River was 417 Canfield Street, Pittsburgh, Pennsylvania 15210.   The remaining averments of Paragraph 5 of the Complaint are denied as stated.  Smith began employment with Tri-River in or about June 1997.  Smith resigned from Tri-River on or about November 1, 2004.

6.      The averments of Paragraph 6 of the Complaint are admitted.

7.      The averments of Paragraph 7 of the Complaint are admitted.

8.      The averments of Paragraph 8 of the Complaint set forth legal conclusions to which no response is required.  To the extent that a response is required, however, the averments of Paragraph 8 of the Complaint are admitted.   To the extent any wrongdoing is averred as to Tri-River, such averment is denied.

## BACKGROUND AND STATEMENT OF CLAIMS

9.      The averments of Paragraph 9 of the Complaint are admitted.

10.      The averments of Paragraph 10 of the Complaint are admitted.

11.      The averments of Paragraph 11 of the Complaint are denied as stated. Tri-River's primary business is to provide construction management services to national retailers.

12.      The averments of Paragraph 12 of the Complaint are admitted.

13.     The averments of Paragraph 13 of the Complaint are denied.

14.     The averments of Paragraph 14 of the Complaint are admitted.

15.     The averments of Paragraph 15 of the Complaint are denied.

16.     The averments of Paragraph 16 of the Complaint set forth legal conclusions to which no response is required.  To the extent that a response is required, however, the averments of Paragraph 16 of the Complaint are admitted.

17.     The averments of Paragraph 17 of the Complaint are denied.

18.     The averments of Paragraph 18 of the Complaint are denied.

19.     The averments of Paragraph 19 of the Complaint are denied.

20.     The averments of Paragraph 20 of the Complaint are denied.

21.     The averments of Paragraph 21 of the Complaint are admitted.  It is further admitted that Tri-River complied with this requirement. To the extent Paragraph 21 of the Complaint implies any violation by Tri-River, such averment is specifically denied.

22.     The averments of Paragraph 22 of the Complaint are denied.

23.     The averments of Paragraph 23 of the Complaint are denied.

## COUNT I:  FAIR LABOR STANDARDS ACT (FLSA) - OVERTIME

24.     Paragraphs 1 through 23 of the Defendant's Answer and Affirmative Defenses are incorporated by reference as if the same were set forth fully herein.

25.     The averments of Paragraph 25 of the Complaint set forth legal conclusions to which no response is required.  To the extent that a response is required, however, the averments of Paragraph 25 of the Complaint are denied.

26.     The averments of Paragraph 26 of the Complaint are denied.

27.     The averments of Paragraph 27 of the Complaint are denied.

28.     The averments of Paragraph 28 of the Complaint are denied.

29.     The averments of Paragraph 29 of the Complaint are denied.

30.     The averments of Paragraph 30 of the Complaint set forth legal conclusions to which no response is required.   To the extent that a response is required, however, the averments of Paragraph 30 of the Complaint are denied.

31.     The averments of Paragraph 31 of the Complaint set forth legal conclusions to which no response is required.   To the extent that a response is required, however, the averments of Paragraph 31 of the Complaint are denied.

## PRAYER FOR RELIEF

32.(A-D)          WHEREFORE, Defendant requests that this Court enter judgment in its favor and against Plaintiffs and deny Plaintiffs the relief requested in their prayer for relief.

## AFFIRMATIVE DEFENSES

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted as to Plaintiffs' claim for violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et. seq.

## SECOND DEFENSE

The Complaint is barred by the applicable statutory, administrative and judicial limitations, and by Plaintiffs' failure to comply with the statutory, administrative and judicial requisites to sue.

## THIRD DEFENSE

The Complaint is barred by the doctrines of laches, waiver, or estoppel.

## FOURTH DEFENSE

Plaintiffs have failed to mitigate their damages.

## FIFTH DEFENSE

Plaintiffs were at-will employees and as such, there was no specific contractual provision setting forth a definitive term of employment.

## SIXTH DEFENSE

The Complaint fails to state a claim for liquidated and/or punitive damages.

## SEVENTH DEFENSE

The interest relief Plaintiffs seek is not appropriate in this action.

## EIGHTH DEFENSE

Plaintiffs cannot prove that they are entitled to any back pay and/or past overtime pay damages.

## NINTH DEFENSE

Plaintiffs cannot prove that Tri-River deliberately, willfully, and/or knowingly violated any state, federal, or local law.

## TENTH DEFENSE

Schaaf cannot state a claim because Tri-River has fully compensated Schaaf for any and all wages or compensation owed to her.

WHEREFORE, Defendant requests that this Court enter judgment in its favor and against Plaintiffs and deny Plaintiffs the relief requested in their prayer for relief.

Dated: <u>February 10, 2006</u>          By:     <u>/s/ Sally Griffith Cimini</u>

Sally Griffith Cimini, Esquire
PA ID No. 46372
Matthew H. Smith, Esquire
PA ID No. 84277

BABST, CALLAND, CLEMENTS &
ZOMNIR, P.C.
Two Gateway Center, 8th Floor
Pittsburgh, Pennsylvania 15222

Counsel for Defendant

## CERTIFICATE OF SERVICE

I, Sally Griffith Cimini, hereby certify that on this 10th day of February, 2006, I caused a true and correct copy of the foregoing Answer to Complaint to be filed via the Court's Electronic Case Filing System.  The document is available for viewing and downloading from the Court's Electronic Case Filing System.  I have also caused a true and correct copy of the document to be served upon the following by first class mail, postage prepaid:

Joseph H. Chivers, Esquire
312 Boulevard of the Allies
Suite 600
Pittsburgh, PA  15222-1923

Dated:  February 10, 2006                                    /s/ Sally Griffith Cimini
                                                                          Sally Griffith Cimini